**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____

|                              |   |                         |
|------------------------------|---|-------------------------|
| ERIC SIJOHN BROWN,           | : |                         |
|                              | : | Civ. No. 18-8132(RMB)   |
|     Petitioner | : |                         |
|   v.                | : |                         |
|                              | : | **OPINION**             |
| WARDEN DAVID ORTIZ,          | : |                         |
|                              | : |                         |
|     Respondent | : |                         |

_____

**BUMB, United States District Judge**

Petitioner Eric SiJohn Brown, an inmate incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a habeas petition under 28 U.S.C. § 2241, seeking credit against his federal sentence for a 21-month period he spent in home confinement prior to his incarceration at FCI Fort Dix. (Pet., ECF No. 1.) Respondent filed an answer, opposing habeas relief. (Answer, ECF No. 6.) For the reasons discussed below, the Court denies the habeas petition.

I.  BACKGROUND

Petitioner was arrested by the FBI on April 18, 2013, for charges of conspiracy to commit loan and wire fraud and other related charges in an Indictment filed in the U.S. District Court, Eastern District of Pennsylvania on April 11, 2013. (Declaration

of J.R. Johnson,[1] ("Johnson Decl.") ¶4, Attach. 1, ECF No. 6-1 at 12.) On April 26, 2013, Petitioner was released on bond to reside at his home. (Id., ¶5, Attach. 2, ECF No. 6-1 at 15-16.) While on home confinement, Petitioner pled guilty in the Eastern District of Pennsylvania to many of the charges, and he was sentenced on October 28, 2014 to a 180-month term of imprisonment. (Id., ¶6, Attach. 3, ECF No. 6-1 at 18-21.) Petitioner voluntarily surrendered at FCI Fort Dix on January 7, 2015 and began to serve his 180-month sentence. (Id., ¶¶7, 8, Attach. 4, 5, ECF No. 6-1 at 28-31.)

Petitioner was awarded prior custody credit for the period of September 15, 2009 through September 25, 2009 for time in custody on unrelated drug charges that were later dropped. (Id., ¶9, Attach. 6, 7, ECF No. 6-1 at 33-39.) Petitioner's projected release date is January 12, 2028. (Id., Attach. 6, ECF No. 6-1 at 34.)

Petitioner submitted a "Request for Administrative Remedy" to the warden of FCI Fort Dix on December 8, 2016, seeking jail credit for April 18, 2013 until January 7, 2015. (Declaration of Tara Moran,[2] ("Moran Decl."), ¶4, Ex. 2, ECF No. 6-2 at 12.) The warden

---

[1] J.R. Johnson is a Correctional Programs Specialist for the Federal Bureau of Prisons, Designation and computation Center. (Johnson Decl., ¶1, ECF No. 6-1 at 2.

[2] Tara Moran is a Legal Assistant with the Federal Bureau of Prisons, FCI Fort Dix, with access to the Bureau of Prisons files maintained in the ordinary course of business. (Moran Decl., ¶1, ECF No. 6-2 at 2.)

denied his request on December 23, 2016. (Moran Decl., ¶4, ECF No. 6-2 at 13.) Petitioner exhausted his administrative remedies and was denied relief. (Id. at 12-19.)

II. THE PETITION AND RESPONSE

    A. <u>The Petition</u>

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that he should receive sentencing credit for time spent in home confinement. (Pet., ECF No. 1.) Petitioner contends that his time spent in home detention amounted to "official detention" within the meaning of 18 U.S.C. § 3585(b), and he was, therefore, entitled to prior custody credit.

Petitioner recognizes that the Supreme Court, in <u>Reno v. Koray</u>, 515 U.S. 50 (1995) held that home confinement or electronic monitoring as a condition of release from custody is not "official detention" under § 3585(b). (<u>Id.</u> at 5.) However, he distinguishes <u>Koray</u> because the defendant was not subject to "24 hour lockdown electronic monitoring." (<u>Id.</u>) Petitioner further distinguishes his situation from <u>Koray</u> because

> [t]his defendant was confined to a small space, on a nearly constant basis, with round the clock surveillance. His every move was restricted, and his trips to the outside world were only made with express approval of court officials. His situation cannot be compared with a person on conditional release whose only conditions are a weekly meeting with court personnel and a ban to travel out of the jurisdiction.

3

(Pet., ECF No. 1 at 5.) For authority, Petitioner relies on United States v. Londono-Cardona, 759 F.Supp. 60 (D.P.R. 1991).[3]

B. The Answer

Respondent argues that Koray is well-settled law and the Third Circuit has consistently applied it, holding that home confinement is not "official detention" under 18 U.S.C. § 3585(b). (Answer, ECF No. 6 at 6-7.) Respondent contends the Supreme Court in Koray has rejected the idea that courts should consider the level of restrictions on conditional release when considering requests for custody credit. (Id. at 8.)

III. DISCUSSION

The Attorney General of the United States delegated computation of federal sentences to the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 335 (1992). There are two steps to the computation: (1) when does the federal sentence commence; and (2) whether the prisoner can receive prior custody credit for time spent in custody prior to commencement of the federal sentence. Blood v. Bledsoe, 648 F.3d 203, 207 (3d Cir. 2011); 18 U.S.C. § 3585.

In Koray, the defendant was released on bail but confined to a community treatment center before commencement of his federal

---

[3] In dicta, the First Circuit Court of Appeals stated that Londono-Cardona was wrongly decided. U.S. v. Zackular, 945 F.2d 423, 425 n. 2 (1st Cir. 1991).

sentence. 515 U.S. at 52. Koray sought credit toward his sentence for the 150 days he spent in a community treatment center. Id. at 53. The issue before the Supreme Court was the meaning of the term "official detention" in 18 U.S.C. § 3585(b). Id. at 55.

18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The Court considered the two options for pretrial defendants under the Bail Reform Act of 1984; they could be "released" on bail under restrictive conditions or placed under "detention" by commitment to the custody of the Attorney General for confinement in a corrections facility. (Id. at 57.) Based on the language of § 3585(a) and 18 U.S.C. § 3621(a), and the context and history of § 3585(b), the Court held that "official detention" under § 3585(b) applies only to those defendants who were detained in a "penal or correctional facility" under § 3621(b) "*and* who were subject to BOP's control." Koray, 515 U.S. at 58-59 (emphasis added); accord

5

West v. Warden Fort Dix FCI, 740 F. App'x 237, 238 (3d Cir. 2018) (per curiam).

In Koray, the Respondent argued that it was improper to focus on the release/detention dichotomy because those released on bail may be subjected to conditions just as onerous as defendants who were detained. Id. at 62. The Court, however, found that the controlling distinction was not the degree of restraint imposed on the person's liberty but the identity of the custodian. Id. at 63. Official detention under the statute applies to those "completely subject to BOP's control." Id. at 64.

The Supreme Court's decision in Koray leaves no room for Petitioner's invitation to consider the level of restrictions imposed on his home confinement when determining whether he is entitled to prior custody credit under § 3585(b). The BOP did not err in denying Petitioner prior custody credit for his home confinement from April 18, 2013 through January 6, 2015.

IV. CONCLUSION

For the reasons discussed above, the habeas petition is denied.

An appropriate Order follows.

Dated: July 26, 2019

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **UNITED STATES DISTRICT JUDGE**